IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Russell Geissler, individually and on behalf of others similarly situated, | ) ) ) | C/A No. 4:17-1746-MBS |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **O R D E R** |
| Bryan P. Stirling, Director of the South Carolina Department of Corrections, in his official capacity, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

At the time of the underlying complaint, Plaintiff Russell Geissler was an inmate in custody of the South Carolina Department of Corrections (SCDC). On June 30, 2017, Plaintiff, proceeding pro se, filed a complaint alleging he was diagnosed with Hepatitis C on January 16, 2014, and had been denied any treatment, in violation of his constitutional rights. Plaintiff filed an amended complaint on October 6, 2017. On January 9, 2018, Plaintiff was appointed counsel. On March 13, 2018, a second amended complaint was filed that converted Plaintiff's initial complaint into a class action on behalf of others in custody of SCDC who wished to be tested and treated for Hepatitis C. A third amended complaint was filed on August 21, 2018. The third amended complaint added class representatives and sought certification of a testing class and a treatment class, a declaration that Defendant Stirling/SCDC had exhibited deliberate indifference to the serious medical needs of Plaintiffs, in violation of the Eighth Amendment; a declaration that Defendant Stirling/SCDC had violated Plaintiffs' rights under the Americans with Disabilities Act and the Rehabilitation Act; preliminary and permanent injunctions ordering Defendant Stirling/SCDC to screen, evaluate,

monitor, and treat SCDC inmates consistent with the appropriate medical standard of care. The third amended complaint also demanded compensatory and punitive damages for Plaintiff. ECF No. 108, 25-27.

The court approved a partial settlement agreement for the testing class on August 5, 2019, and a consent decree regarding the treatment class on June 8, 2020. Thus, remaining for resolution are Plaintiff's individual claims for compensatory and punitive damages.

On July 23, 2020, Plaintiff filed a pro se motion for an award of one percent of the settlement amount for his individual claims, as well as a request for new counsel. Plaintiff's counsel discussed its contents with Plaintiff but could not reach a resolution. United States Magistrate Judge Mary Gordon Baker, who has acted in the capacity as mediator in this action, confirms to the court that Plaintiff desires new counsel.

Plaintiff's pro se motion (ECF No. 214) is **granted in part** only as to his request for new counsel. In the interests of justice and for good cause shown, the Clerk of Court is directed to sever Plaintiff's individual claims for compensatory and punitive damages and to assign a new case number to these claims. Plaintiff's current counsel, James M. Griffin, Esquire; David B. Yarborough, Esquire; Reuben A. Guttman, Esquire; Justin S. Brooks, Esquire; Nancy Gertner, Esquire; Carolina Poplin, Esquire; Elizabeth H. Shofner, Esquire; Paul Zwier, Esquire; and Christopher J. Bryant, Esquire are relieved from further representation with respect to Plaintiff's individual claims for compensatory and punitive damages. The court appoints Whit McGreevy, Esquire, of K&L Gates LLP, Charleston, South Carolina, as pro bono counsel for purposes of Plaintiff's individual claims for compensatory and punitive damages and directs him to file an amended complaint in the severed action, as appropriate. Counsel's motion to extend time to

respond to Plaintiff's July 23, 2020 pro se motion (ECF No. 219) is **denied as moot**.

    **IT IS SO ORDERED.**

                              /s/ Margaret B. Seymour
                              Margaret B. Seymour
                              Senior United States District Judge

Columbia, South Carolina

September  25 , 2020